# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2023

Lyle W. Cayce
Clerk

No. 22-60331
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Marco Antonio Aviles-Aviles,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-81-1

───────────────────────────────

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Marco Antonio Aviles-Aviles pleaded guilty to the crime of illegal reentry in violation of 8 U.S.C. § 1326(a). The district court sentenced him to the statutory maximum of two years in prison—an upward variance from the advisory guidelines range of 0-6 months in prison. Aviles-Aviles asserts on appeal that this sentence is substantively

───────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unreasonable because the district court erred in balancing the 18 U.S.C. § 3553(a) sentencing factors.

An above-guidelines sentence may be unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). We consider—but do not reweigh—the sentencing factors set forth in § 3553(a) when reviewing the reasonableness of a sentence. *Gall v. United States*, 552 U.S. 38, 46-47 (2007). We give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51.

Aviles-Aviles fails to establish that the district court abused its discretion in imposing an above-guidelines sentence. *See Gall*, 552 U.S. at 50-53. The record shows that the district court assessed the facts and arguments of the parties to determine that a sentence within the advisory guidelines range would not achieve the sentencing goals of § 3553(a). The district court provided ample justification for imposing a variance: The court adopted the presentence report, weighed the guidelines range and sentencing factors, and specifically noted the seriousness of the offense and Aviles-Aviles's history and characteristics. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) ("Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case specific reasons provided by the district court.").

The district court's judgment is AFFIRMED.